IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| VALERIE CAMPBELL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PARADIGM INVESTMENT GROUP, )<br>LLC, d/b/a/ Hardee's, )<br>)<br>Defendant. ) | Case No. 5:10-cv-1196-TMP |

REPORT AND RECOMMENDATION

Before the court is defendant Paradigm's tender of full payment and motion to dismiss the complaint, filed October 28, 2011. (Doc. 43). Paradigm argues that it has tendered full payment of plaintiff's claim for unpaid overtime under the Fair Labor Standards Act, causing her claim to become moot and due to be dismissed for want of a live Article III "case or controversy." Plaintiff filed her opposition to the motion on November 18, 2011,[1] asserting that there is a dispute of fact as to whether Paradigm has correctly calculated the full amount of overtime owed her. Additionally, she contends that she has rejected the tendered payment, and that it must be treated simply as a rejected offer of judgment under Rule 68, leaving a live case to continue to trial.

---

[1] The opposition also incorporates plaintiff's October 20, 2011, opposition to Paradigm's first motion to dismiss. See Doc. 42.

I.  Analytical Framework

Paradigm argues that Rule 12(h)(3) is the proper analytical framework for this motion because the nature of the mootness issue it raises involves federal subject matter jurisdiction based on whether a live Article III "case or controversy" remains.  The importance of this question turns on how factual disputes are to be treated.  Under Rule 12(h)(3), the court itself can make findings of fact, weighing evidence and drawing conclusions relating to the existence of the court's jurisdiction.  However, if the proper framework is Rule 12(b)(6) or Rule 56, the facts are treated much more deferentially to the plaintiff.

Although Paradigm's motion explicitly rests on Rule 12(h)(3) of the Federal Rules of Civil Procedure, the procedures used for resolving subject-matter jurisdiction questions were developed under Rule 12(b)(1).  See Pembroke Telephone Co. v. Wireless Communications Co., 1992 WL 138388, *2 (S.D. Ga. 1992) ("Once a party challenges a court's subject matter jurisdiction under Rule 12(h)(3), the court should apply the standards developed under Rule 12(b)(1) to decide whether jurisdiction exists."); Jones v. Nicholson, 2011 WL 2160918 (M.D. Ga. 2011).  Generally, challenges to subject-matter jurisdiction fall into either "facial" or "factual" attacks.  As one court recently explained:

> "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attacks. Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" McElmurray v. Consol. Gov't of Augusta–Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting Lawrence v. Dunbar, 919 F.3d 1525, 1529 (11th Cir. 1990)). "Factual attacks," on the other hand, serve to "challenge 'the existence of subject matter

jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" Id.

Jones v. Nicholson, 2011 WL 2160918, *2 (M.D. Ga. 2011); see also Bierer-Carter v. United States, ___ F.Supp. 2d ___, 2011 WL 3802645 (S.D. Fla., July 27, 2011).  Although "facial" attacks on subject matter jurisdiction require the court to assume as true the facts pleaded by the party invoking jurisdiction, "factual" attacks authorize the court to examine and weigh evidence, making findings of fact relating to the existence of jurisdiction.  For example:

> "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56.'" Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  A defendant may attack subject matter jurisdiction under Rule 12(b)(1) by making "facial attacks" or "factual attacks." U.S. v. Spitzer, 245 Fed. Appx. 908, 910 (11th Cir. 2007).  When there is a "facial attack" on the complaint, courts "look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence, 919 F.2d at 1529.  "Factual Attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (internal quotations and citation omitted).
>
> As stated by the Eleventh Circuit in Lawrence:
>
> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.
>
> Lawrence, 919 F.2d at 1529 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  Courts may not weigh the evidence when the factual attack "also implicates an element of the cause of action." Id.  Where the factual attack is intertwined with the merits of the cause of action, "the proper course of

>action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Id. (quoting Williamson v. Tucker, 645 F.2d 404, 415–16 (5th Cir. 1981)).

Bierer-Carter v. United States, ___ F. Supp. 2d ___, 2011 WL 3802645, *2-3 (S.D. Fla., July 27, 2011).

A significant limitation on the power of the court to weigh the evidence relevant to subject-matter jurisdiction turns on whether the jurisdictional fact issue is intertwined with a substantive element of the plaintiff's claim. In Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256 (11th Cir. 1997), the Eleventh Circuit Court of Appeals described the limitation this way:

>On the other hand, if an attack on subject matter jurisdiction also implicates an element of the cause of action, then:
>
>>[T]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place great restrictions on the district court's discretion.... [A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.
>
>Williamson v. Tucker, 645 F.2d 404, 415-16 (5th Cir. 1981), cert. denied, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981).

Id. at 1261.  The issue in Garcia was whether the ADEA requirement limiting coverage of the Act only to "employers" with 20 or more employees was jurisdictional or a substantive element of the plaintiff's cause of action.  Finding that the "employer" requirement was both jurisdictional and a substantive element of the cause of action, the Eleventh Circuit concluded that the proper analytical framework was not Rule 12(b)(1), but either Rule 12(b)(6) or Rule 56, depending upon whether the parties submitted evidentiary materials outside the pleadings in the case.[2]  Thus, where the "factual attack" on the court's subject matter jurisdiction is intertwined with an element of the plaintiff's cause of action, Eleventh Circuit authority requires the court to assume jurisdiction exists and proceed to decide the factual question inherent in the plaintiff's claim.  In the event the plaintiff is unable to prove the facts inherent in the element of his claim, this failure simultaneously proves the absence of jurisdiction.  On the other hand, if the plaintiff does prove the factual element of his claim, he also proves the existence of subject matter jurisdiction.

The vehicles for such a factual determination can include a Rule 12(b)(6) motion for failure to state a claim, a Rule 56 motion for summary judgment, or a trial.  In the first instance, as with all Rule 12(b)(6) motions, the facts alleged in the complaint by the plaintiff are presumed true, and the court addresses only whether the alleged facts sufficiently state the elements of a cause of action (and, simultaneously, the facts necessary for federal jurisdiction).  In a motion for summary

---

[2] Of course, Rule 12(d) mandates, as follows:

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

judgment, based on actual evidence outside the pleadings, *disputed* facts must be viewed most favorably for the non-moving plaintiff. Ultimately, such disputed facts may have to be resolved by a jury in a trial.

In the instant case, the factual question presented is whether defendant Paradigm has tendered to plaintiff the *full* amount of unpaid overtime to which she might be entitled under her FLSA claim. Paradigm contends that it has tendered the *full* amount of overtime (and liquidated damages) plaintiff could recover, thereby mooting the claim and leaving the court without jurisdiction over a real Article III "case or controversy." This is not a "facial" attack on jurisdiction, but a "factual" attack that immediately poses the question whether it "implicates an element of the [plaintiff's] cause of action." If the amount of damages recoverable under an overtime claim are an element of the claim itself, then the jurisdictional mootness question is intertwined with an element of the claim. If the amount of damages recoverable is not an element of the claim, but a separate jurisdictional or remedial issue, the court may weigh the evidence in a way not allowed under Rule 12(b)(6) or Rule 56.

"The elements [of an FLSA overtime claim] that must be shown are simply a failure to pay overtime compensation... to covered employees... in accordance with the Act." Secretary of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir., Nov. 4, 2008). Certainly, inherent in the failure to pay overtime compensation is the requirement that the number of overtime hours be correctly calculated, or stated differently, that the employer has failed to pay the *full* amount of overtime. "To establish a *prima facie* case of an FLSA violation, a complainant must show 'as a matter of just and reasonable inference' the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA." Ekokotu v. Federal Express Corp., 408 Fed. Appx.

331, 340 (11th Cir., Jan. 19, 2011), quoting Caro–Galvan v. Curtis Richardson, Inc., 993 F.2d 1500, 1513 (11th Cir. 1993). As an element of her overtime claim, the plaintiff must prove by "just and reasonable inference" the "amount and extent" of overtime hours worked. Payment for *some* overtime hours, but not all, is still a violation of the Act as to the unpaid hours. Thus, whether an employer has failed to pay compensation for *all* overtime hours worked is an element of the claim. Certainly, the assessment of how much overtime pay, if any, a plaintiff is entitled to recover is a jury question when there is a dispute about the number of overtime hours the employee worked. Klinedinst v. Swift Investments, Inc., 260 F.3d 1251, 1257 (11th Cir. 2001) ("The number of hours worked per week is a genuine issue of material fact for the factfinder").

The court concludes, therefore, that the calculation of the correct amount, extent, and number of uncompensated overtime hours is an element of the plaintiff's cause of action. That element is intertwined, in this case, with the mootness jurisdictional issue Paradigm alleges. Paradigm contends the case is now moot (and the court has lost jurisdiction) precisely because it has tendered payment to plaintiff for *all* overtime she claims entitlement to, plus liquidated damages in a like amount. It is clear, therefore, that a necessary factual element of plaintiff's cause of action, i.e., the amount and extent of overtime she worked, involves the same factual question as Paradigm's mootness argument: Has the plaintiff been paid for every overtime hour she is able to prove by "just and reasonable inference"? The intertwined nature of these issues requires the court to assume jurisdiction exists and proceed to determine the merits of the factual question presented. See Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Because the parties have submitted evidentiary materials in support of and in opposition to the motion, it cannot be treated as a Rule 12(b)(6) motion

to dismiss, but mist be converted to a Rule 56 motion for summary judgment. See Fed.R.Civ.P. 12(d).

II. Analysis in this Case

Having determined that the proper analytical framework in this case is to treat the motion as a Rule 56 motion for summary judgment, the court next proceeds to address whether Paradigm is entitled to summary judgment on the basis that there no longer is any overtime compensation owed to the plaintiff. Because there are genuine disputes of fact concerning the calculation of the overtime tendered by Paradigm, the motion for summary judgment must be denied and the determination of the proper *amount* of overtime determined by a jury.

Of course, on a motion for summary judgment, the facts must be viewed favorably to the non-moving party, and all reasonable inferences drawn in favor of the non-movant. Genuine disputes of fact cannot be weighed or resolved by the court, as that is properly the function of a jury. The court's role simply is to determine whether genuine issues of fact exist that must be submitted to a jury for determination. The credibility of the evidence cannot be weighed except to the extent that it may be so incredible that no reasonable jury could accept it.

In this case, Paradigm cites to plaintiff's deposition as the source of its evidence concerning the amount of unpaid overtime she claims to have worked. Paradigm explained its calculation this way:

> Paradigm calculated Plaintiff's alleged undocumented "off the clock" work (pre-shift and post-shift) from September 22, 2008 until August 9, 2009, based upon her testimony that she worked one to two hours "off the clock" per week during this period. In fact, Paradigm credited Plaintiff with two and one-half hours of "off the

clock" work per week for the entire period and then doubled those hours. Paradigm then credited each of those hours as overtime. [Footnote omitted]. Plaintiff's hourly rate, as shown on her pay records, was $8.25. See Exhibit F, Campbell July 6, 2009 Paystub. Her overtime rate is $12.38 (Plaintiff's time and half rate). See id. Assuming Plaintiff worked "off the clock" a maximum of five hours per week for 45 weeks, [footnote omitted] that would total 225 hours.

(Doc. 43, pp. 3-4). This calculation focuses only on part of the plaintiff's testimony, however. It is true that she testified that she worked one to two hours of unpaid overtime most weeks, but she went on to testify that during certain periods of her employment, it was more frequent. For example, she clearly testified that during the period between managers Paul Ragland and Clyde Sutherland, while being supervised by Julie Chambers, she worked unpaid overtime more frequently than one or two time per week. (See Campbell Depo. Excerpts, Doc. 39-1, pp. 82-84). Additionally, she testified that there were occasions when she was not scheduled to work, but was called by store mangers to come in and run to the bank for them, even though she never clocked in and was "off the clock." (See Campbell Depo. Excerpts, Doc. 42-4, pp. 126-128).

      Given this evidence, the court cannot say that Paradigm's calculation of five hours of overtime each week necessarily captures all the overtime plaintiff may be entitled to and able to prove. It is not clear from Paradigm's evidence in support of the motion how many weeks plaintiff worked under Julie Chambers, when she said periods of unpaid overtime work occurred more frequently. It is not clear how many times, or for how long, she was called in to make bank runs without being paid. Viewing this evidence favorably to the plaintiff, the court cannot say that Paradigm's assertion that the evidence supports a finding of no more than five hours of overtime per week is undisputed. There is a genuine issue of fact as to whether plaintiff worked more or less than

five hours of overtime per week.  Where the evidence is in dispute, the motion for summary judgment must be denied.

## RECOMMENDATION

Based on the foregoing considerations, the magistrate judge RECOMMENDS that the defendant's motion to dismiss (treated as a motion for summary judgment) be DENIED.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

DONE this 29th day of December, 2011.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE